## BROOKS v CINCINNATI UNION TERMINAL CO.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5632. Decided July 3, 1939

Gilbert Bettman, Cincinnati; Paul W. Steer, Cincinnati, for appellant.

Taft, Stettinius & Hollister, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The plaintiff, an employe of the defendant, brought suit to recover damages for injuries received when sorting mail bags at the defendant's terminal station.

The case was tried to a jury, and a verdict was returned in favor of the plaintiff. Judgment predicated upon this verdict was reversed by this Court for the reason that the verdict was manifestly against the weight of the evidence. The case was again tried, and the court at the conclusion of the plaintiff's evidence, instructed a verdict in favor of the defendant. The case now comes before us on appeal from this action of the court.

The judgment must be reversed, if either of two situations prevail: First: If there is any substantial evidence sustaining the cause of action alleged in the petition. Second: If the evidence of the plaintiff at the second trial was the same or substantially the same evidence as introduced at the first trial. **Campbell v Crist, 127 Oh St 182.**

It is the unanimous opinion of this Court that neither of these situations prevail, and that the trial Court was correct in so finding.

It is unnecessary to review the evidence at length. It is sufficient to quote from each record.

At the first trial the plaintiff testified:

"A. And he throwed a bag to the truck for me to load, which I loaded it on this truck. He says, 'Brooks, I believe that is the wrong bag to that truck. You better look at it', he says. I steps on the truck to look at the bag, to O. K. it, and I O. K. the bag and at that time the truck was forced from the rear end, somebody stepped on it or something, it went out from under me and I fell; my feet was in the air and against the edge of the T plat-

form, against the side of the truck, down on to the cement floor, and I hit my hip and my back and my head and my elbows, and I didn't know anything. I was unconscious, I didn't know anything when they picked me up and carried me down in the basement.

"Q. Mr. Brooks, you said that the truck moved as you stepped off of it by some force applied at the rear; how far did the truck move?

"Mr. Clippinger: I object to that incorporation in the statement. The testimony shows exactly what was said.

"The Court: The form of the question is objectionable.

"Q. All right. How far did the truck move as you were getting off of it?

"A. It moved about probably three feet."

And, again at pages 41 and 42:

"A. If he stepped on to the truck I didn't see him. I had my back to the platform when I was examining this bag and as I turned around to get off the truck made a sudden plunge and I don't know, it could be hit by a bag hitting it like that from the rear end or somebody stepped on it or what, I don't know what happened at that time; my feet was in the air and I was going down as I let the marker go."

Slight as this evidence was, the Court deemed it sufficient to warrant submission of the cause to the jury.

However, in the second trial, the plaintiff eliminated even this slight suggestion of negligence on the part of a fellow workman.

The plaintiff at the second trial testified:

"Q. Now will you proceed with telling the events of August 8, 1934?

"A. They have markers on them bags to tell where the different bags go to; when the mail sorter throwed them to me then I would lay them on this truck; they are not all the same size, some light ones and some heavier and

those light bags throwed to me and I was laying them on the truck; had put several of them on and then the time this one was throwed to me, Henderson said to me, 'Brooks, I believe that's the wrong bag for that truck, you better look at it and Okay it. So I picked up the bag, I stepped on the truck—that's the first time of my stepping on the truck, I Okayed the bag, it goes to Nashville, Tennessee, and in laying this bag down, all I know the truck moved, made a sudden plunge from the rear, one or another of my feet was in the air, I was falling down on the edge of the T down on the cement floor; I hit my head and bottom part of my spine and elbow and my hips, my back."

By this latter testimony (and it was the only evidence introduced by the plaintiff to indicate how the mishap occurred) the plaintiff leaves to absolute conjecture and surmise the manner in which the truck was caused to move. Whether it was his own action or some other force is left to pure surmise.

The difference between the two records is manifest. However, the plaintiff testified further on cross-examination in the second trial as follows:

"Q. Did you hit the end of the truck?

"A. I didn't hit it; I laid them down there, walked upon the pier and laid them down there. If I would have throwed them against there it would have thrown the truck out; I couldn't keep it up against the platform, to tell the truth about the thing.

"Q. Some of those bags were pretty heavy that you threw up there?

"A. None of them, no sir. Sometimes there is a whole truck load or more comes down with wide packing—not full. If it had been bags—weighing 25 or 30 pounds I would have had to step on the truck; but these were all small bags I say."

Now if it be claimed that regardless of what caused the truck to move, the defendant is responsible, the answer

to this is, that the evidence conclusively shows that the plaintiff had been occupied in and about the truck on the floor level where the truck wheels rested, and had ample opportunity to observe the fact that the truck was unblocked, even if it was not his duty to ascertain its safe condition before proceeding to work upon it; which, at least, may be a matter of debate.

Other differences in the two records need not be noted. That which has been pointed out is sufficient in the opinion of the Court to justify the conclusion now that the plaintiff failed to show any negligent act upon the part of the defendant, which was the proximate cause of the injuries which he received.

A trial court is not required to submit evidence to a jury which merely furnishes a basis for conjecture and surmise as to the existence of necessary elements in the case of a plaintiff.

The judgment is affirmed.

HAMILTON, PJ. & MATTHEWS, J., concur.